### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY M. DURANT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **XIE HE SHENG, LLC,** | § | |
| **D/B/A 888 CHINESE RESTAURANT,** | § | |
| | § | |
| **Defendant.** | § | **(Jury Trial Demanded)** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Mary M. Durant ("Durant" or "Plaintiff"), complaining of and about Xie He Sheng, LLC, d/b/a 888 Chinese Restaurant, ("888 Chinese Restaurant" or "Defendant"), and in support shows as follows:

### I.      INTRODUCTION

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. for Defendant's unlawful employment practices on the basis of sex and pregnancy. Defendant openly refuses to employ pregnant women and fired Plaintiff twice because she was pregnant.

### II.      PARTIES

2.      Plaintiff Mary M. Durant resides in Houston, Harris County, Texas. Ms. Durant is

1

a female and was at all relevant times an employee of Defendant within the meaning of the applicable statutes.

3.     Defendant Xie He Sheng is a Texas limited liability company conducting business in Texas.  Defendant is an employer within the meaning of the applicable statutes and employs between fifteen (15) and one hundred (100) regular employees.

### III.     JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's stated claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

6.     This Court has jurisdiction over Defendant because Defendant is a limited liability company formed under Texas law and Defendant has purposefully availed itself of the privilege of conducting business in the state of Texas.  Defendant conducts business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7.     The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.    On March 23, 2015, Ms. Durant filed a charge of discrimination against 888 Chinese Restaurant with the Equal Employment Opportunity Commission ("EEOC").   In that Charge No. 460-2015-01883, Ms. Durant asserted that Defendant discriminated against her because of her sex. A true and correct copy of Ms. Durant's EEOC Charge is attached as Exhibit "A."

9.    On April 27, 2016, the EEOC issued a Determination letter finding that Defendant violated Title VII by terminating her in August 20114 because of her pregnancy.  The EEOC did not make a determination regarding Plaintiff's second termination by Defendant when she was pregnant again.   A true and correct copy of the April 27, 2016 EEOC Determination Letter is attached as Exhibit "B."

10.    On November 7, 2016, Ms. Durant received a notice of her right to file a civil action from the EEOC.  A copy of the Notice of Right to Sue is attached as Exhibit "C."  Ms. Durant also received a notice of her right to file a civil action from the Texas Workforce Commission on December 5, 2016.

## V.    FACTS

11.    Ms. Durant began working for 888 Chinese Restaurant as a cashier on July 27, 2014 at one of its locations in Houston, Texas.

12.    On July 24, 2014, Ms. Durant found out she was pregnant by using a home pregnancy test. To confirm her pregnancy, Ms. Durant had an ultrasound performed on August 8, 2014.

13.    Ms. Durant informed her manager, Tony Nguyen ("Nguyen"), of her pregnancy

on July 30, 2014 and Nguyen quickly attempted to quiet the conversation. Nguyen advised Ms. Durant against telling anyone else about her pregnancy because the owner, Jin Xiu Zheng ("Zheng" or "Owner"), did not hire pregnant women nor did she allow them to work.

14.     At the end of her shift on July 30, 2014, Nguyen told Ms. Durant that she had the following two (2) days off work and to call the restaurant after two (2) days to receive her next work schedule.

15.     After several attempts by Ms. Durant to contact 888 Chinese Restaurant, she went to 888 Chinese Restaurant to pick up her paycheck.    Nguyen handed Ms. Durant an envelope containing cash as payment for wages.   Nguyen then walked Ms. Durant out of 888 Chinese Restaurant and apologized to Ms. Durant saying the Owner does not allow pregnant women to work at 888 Chinese Restaurant.

16.     In September 2014, Ms. Durant learned that she had miscarried.

17.     The day after Ms. Durant found out about her miscarriage, she ran in to Nguyen. Once again, Nguyen apologized for Zheng's actions. Ms. Durant informed Nguyen of her miscarriage. Nguyen asked Ms. Durant if she was interested in working for 888 Chinese Restaurant since she was no longer pregnant.

18.     In September 2014, Ms. Durant was hired once again at 888 Chinese Restaurant as a cashier.

19.     In January 2015, Ms. Durant found out she was pregnant.

20.     On January 2, 2015 and January 4, 2015, Ms. Durant missed work because of severe morning sickness. After missing the two days of work, Nguyen took Ms. Durant off of the work schedule and began avoiding her calls once again.

21.     On January 7, 2015, Nguyen informed Ms. Durant that she had been terminated. Ms. Durant was not given a reason for her termination.

## VI.     CAUSES OF ACTION

**A.     <u>Sex and Pregnancy Discrimination in Violation of Title VII</u>**

22.     Plaintiff incorporates the preceding paragraphs.

23.     Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on sex and pregnancy, childbirth, or related medical conditions. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e(k).

24.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her pregnancy and because of her sex within the meaning of the statute.

25.     Defendant, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a).  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy and sex.

26.     Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of pregnancy and sex with malice or with reckless indifference to the protected rights of Plaintiff.

27.     Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to male employees or non-pregnant employees similarly situated in violation of Title VII.

**B.**   **Sex and Pregnancy Discrimination in Violation of the Texas Labor Code**

28.    Plaintiff incorporates all prior paragraphs.

29.    Defendant by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

30.    Defendant, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of the Texas Labor Code.

31.    Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to male employees similarly situated in violation of the Texas Labor Code.

32.    The employment practices of Defendant, specifically the Defendant's policy of not allowing pregnant women to work had a disparate and adverse impact on Plaintiff because Plaintiff is a female. Such employment practices were not job-related and were not consistent with business necessity.

33.    Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the state-protected rights of Plaintiff.

## VII.   RESPONDEAT SUPERIOR AND RATIFICATION

34.    Whenever in this complaint it is alleged that the Defendant, 888 Chinese Restaurant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done

6

with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VIII.   DAMAGES

35.    Plaintiff seeks monetary relief between $200,000 and $1,000,0000.

36.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a..    Back pay from the date that Ms. Durant was terminated and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

b.    Back pay from the first time Defendant terminated Plaintiff until she was rehired because she had miscarried;

c.    Front pay in an amount the Court deems equitable and just to make Ms. Durant whole;

d.    Emotional pain;

e.    Inconvenience;

f.    Mental anguish;

g.    Punitive damages;

h.    All reasonable and necessary costs incurred in pursuit of this suit;

i.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

j.    Expert fees as the Court deems appropriate; and

       i.      Prejudgment interest and post judgment interest.

37.    Ms. Durant would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Ms. Durant. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## IX.    JURY DEMAND

38.    Plaintiff requests a trial by jury on all issues triable to a jury.

## X.    PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiff against Defendant for:

a.    All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, front pay, loss of earnings in the past, loss of earning capacity in the future, statutory relief at law, and equity;

b.    Compensatory damages for pain and mental suffering in the past and future;

c.    Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d.    Reasonable attorney's fees, with conditional awards in the event of appeal;

e.    Pre-judgment interest at the highest rate permitted by law;

f.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.      Costs of court and expert witness fees incurred by Plaintiff in the preparation and

prosecution of this action; and

h.      Such other and further relief, at law or in equity, to which Plaintiff may be

entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By:  */s/Sara Richey*_____
        Sara Richey
        Attorney-in-Charge
        Federal Bar No: 1147425
        Texas Bar No.: 24068763
        Booth Richey, LLP
        3801 Kirby Dr., Suite 344
        Houston, TX 77098
        Tel. (713) 333-0377
        Fax. (713) 333-5299
        srichey@boothricheylaw.com

        Attorney in Charge for Plaintiff Mary M.
        Durant